IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF         :

Roberto Aponte Vázquez &
Maureen Torres López     :    CASE NO. 04-09541 (SEK)

    DEBTORS        :    CHAPTER 13

\- - - - - - - - - - - - - - - - - - - - - - - - - -

**FILED & ENTERED**
**JUN 2 2 2005**
CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## OPINION AND ORDER

Before this court is an opposed motion to dismiss asking for a one year bar for refiling, submitted by Cooperativa de Ahorro y Crédito Aiboniteña ("Movant",) which we grant for reasons stated below.

### Factual Findings

Movant holds a mortgage note for the principal sum of $145,000, plus interest and other charges, payable by the Debtors in equal monthly installments of $1,109.79. Debtors were unable to stay current in their payments. Movant renewed its foreclosure action, and Debtors filed this petition for bankruptcy protection after receiving Movant's notice of foreclosure. This is Debtors third petition for Chapter 13 bankruptcy protection filed in the last three years.

The first Chapter 13 petition filed on August 29, 2002, was dismissed eight months later due to Debtors' failure to comply with their post-petition mortgage payments and obtain confirmation of a plan. The second petition filed three months later, was dismissed on July 28, 2004, after several continuances, amendments to schedules, an absence from a meeting with creditors, Debtors' failure to make nine post-petition

mortgage payments and an inability to obtain confirmation of a plan.  Less than two months later, Debtors filed this third Chapter 13 petition, but failed to disclose that this was their third case in their schedules.  By this time, Debtors owed Movant $34,049 in pre petition arrears and one post petition mortgage payment.  The only plan proffered was not favorably recommended by the Trustee, as Debtors had failed to make any payments and it was insufficiently funded.  Movant then filed the motion at hand.

Movant alleges that Debtors' bad faith is shown by the filing of three bankruptcy petitions on the eve of foreclosure.  Debtors argue their petitions were made in good faith, that they are current in their payments to their Chapter 13 trustee, that they are making every effort to stay current in their mortgage payments and expect to pay their missing post-petition mortgage payment at an undetermined, but imminent date.

We heard the parties on April 4, 2005, at which time we did not grant Debtors more time to further amend the plan and took Movant's motion under advisement.

### Discussion

The issue before us is whether under Code § 1307(c) a petition may be dismissed and Debtors enjoined from refiling for one year[1] where it is Debtors' third petition and



---

[1] Whether or not the court has the power to enjoin Debtors from refiling for a year will not be treated as an issue separate from that of the court's power to dismiss this case for cause because the majority of courts including those of the 1st Circuit interpret 349(a) as allowing a court to bar future filings for

previous filings were dismissed for failure to confirm a plan and failure to comply with post-petition mortgage payments.

A dismissal for cause may be granted under § 1307(c) where the totality of the circumstances show bad faith on behalf of the debtor in his use of bankruptcy proceedings. In re Fleury, 294 B.R. 1, 9 (Bankr. Mass. 2003); Sullivan v Solimini, 2005 Bankr. Lexis 702, 17 (B.A.P. 1st Cir. 2005); In re Ortiz, 200 B.R. 485, 489 (Dist. P.R. 1996).  A court must determine whether Debtor's actions are sufficient to qualify as bad faith.  Malice and fraud are unnecessary for a finding of bad faith, instead, courts look at the totality of the circumstances to make their finding by considering such factors as the debtor's history of past filings and dismissals, pre and post-petition conduct, and honesty in the bankruptcy process to answer whether the debtor filed the petition in order to thwart his creditors or in an honest attempt to repay them. In re Fleury, 294 B.R. at 6; Sullivan v Solimini, 2005 Bankr. Lexis 702 at 19.

Here Debtors filed three Chapter 13 petitions within very short intervals.  Although repetitive filing per se is not evidence of bad faith, it may so indicate when evaluated within the totality of the circumstances. In re Ortiz, 200

---

more than 180 days. 3 Collier on Bankruptcy, ¶ 349.02[3], pp. 349-11; In re Fleury, 294 B.R. 1, 8-9 (Bankr. Mass. 2003); In re Ortiz, 200 B.R. 485 (Dist. P.R. 1996); Casse v Key Bank National Association, 198 F.3d 327 (2d Cir. 1999).

B.R. at 490.

The record shows Debtors' disposable income remained unchanged between the last two filings.  Hence, Debtors should have been aware when filing this petition that they would be unable to keep up with payments under the currently proposed plan and have it confirmed.  Therefore, no steps were taken between the second and third filings to address the recurrent problem of feasibility.  Debtors actions in this regard support the argument that this petition was filed for the purpose of avoiding foreclosure without any hope of repaying the mortgagor.  In so doing, Debtor has been successful at thwarting Movant's collection efforts for at least three years. _In re Ortiz_, 200 B.R. at 490; _Sullivan v Solimini_, 2005 Bankr. Lexis 702 at 24; _In re White_, 72 B.R. 169, 169-170 (Bankr. S.C. 1986).

Another indicia of bad faith is Debtors' non disclosure of previous filings.  This omission suggests Debtors unfairly tried to skew the facts in their favor. _In re Fleury_, 294 B.R. at 6;  _Sullivan v Solimini_, _supra_.

Furthermore, bad faith may be implied from Debtors' repeated need for continuances, rescheduling, amendments and new plans present throughout the life of his three cases, all of which contributed to unreasonable delays prejudicial to their moving Creditor.  11 U.S.C. § 1307(c)(1); _In re Ortiz_, 200 B.R. at 489-490.

To summarize.  Successive bankruptcy filings within

short intervals, the last one on the eve of foreclosure; an inability to keep current with plans and mortgage payments for the last three years; unchanged financial circumstances from the second to the third filings; failure to disclose a previous bankruptcy filing; plus, an inability to obtain confirmation of the plan in this case within a reasonable period of time, all warrant entry of the remedy sought by Movant. Hence, the motion to dismiss is granted with a one year bar for refiling to be specified in a separate order.

**SO ORDERED**, in San Juan, Puerto Rico, on June 20, 2005.

SARA DE JESUS
U.S. Bankruptcy Judge